IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                      No. CIV S-06-2007 FCD GGH PS

    vs.

RICKY CERVANTE,                  ORDER

    Defendant.

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The court cannot determine whether the complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1] Rule 8 sets forth general rules of pleading in the Federal Courts. Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). The complaint does not meet any of these requirements.

The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the

---

[1] It also fails to comply with Fed. R. Civ. P. 10, which governs the form of pleadings.

2

Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

It is plaintiff's obligation to state the basis of the court's jurisdiction, and plaintiff has not done so.  The complaint is incomprehensible, but appears to allege a violation of California law by plaintiff's ex parole officer to whom plaintiff showed his registration as a drug offender, but who claims he did not see it.  Plaintiff attaches to the complaint photocopies of what appears to be a Department of Corrections Operations Manual concerning responsibility for employee misconduct.  The attachment and plaintiff's reliance on it are unexplained.  It is not the function of the court to peruse exhibits and frame plaintiff's cause of action for him, nor would it be proper to do so.

Furthermore, the court finds the allegation in plaintiff's complaint vague and is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  However, while the Federal Rules adopt a flexible pleading policy, the statement in the complaint does not state a particular cause of action, and therefore does not put defendants on notice of the claims against them.  It states only that plaintiff's ex parole officer claims he did not see plaintiff's registration as a drug offender as was going to court about it.  This statement fails to give fair notice to the defendant and does not state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. The complaint's allegations are not sufficient to put defendants fairly on notice. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

Finally, plaintiff has failed to make a demand for relief as required by Rule 8(a)(3). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of Federal law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an

\\\\\

\\\\\

1  original and two copies of the amended complaint; failure to file an amended complaint in
2  accordance with this order will result in a recommendation that this action be dismissed.
3  DATED: 12/4/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Smith2007.amd.wpd